UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                      Case No. 18-CR-135

CALVIN D. GLAZUNOV,

        Defendant.

## PLEA AGREEMENT

1. The United States of America, by its attorneys, Matthew D. Krueger, United States Attorney for the Eastern District of Wisconsin, and Gail J. Hoffman, Assistant United States Attorney, and the defendant, Calvin D. Glazunov, individually and by attorney Gabriela A. Leija, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

### CHARGES

2. The defendant has been charged in two counts of a two-count indictment, which alleges a violation of Title 18, United States Code, Sections 922(g)(5) and 924(a)(2). The defendant has also been charged in a one-count information which alleges a violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

3. The defendant has read and fully understands the charges contained in the indictment and information. He fully understands the nature and elements of the crimes with which he has been charged, and those charges and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

4. The defendant voluntarily agrees to waive prosecution by indictment in open court.

5. The defendant voluntarily agrees to plead guilty to the information set forth in full as follows:

**THE UNITED STATES ATTORNEY CHARGES THAT:**

1. On or about February 14, 2018, in the State and Eastern District of Wisconsin,

**CALVIN D. GLAZUNOV**

in connection with the attempted acquisition of a firearm from Daane Ace Hardware, a federally licensed firearms dealer, in Oostburg, Wisconsin, knowingly made a false and fictitious written statement intended and likely to deceive Daane Ace Hardware as to a fact material to the lawfulness of the sale and disposition of such firearm under the provisions of Chapter 44 of Title 18, United States Code.

2. In particular, in connection with the purchase of the firearm described below, Calvin D. Glazunov falsely stated on the Firearms Transaction Record (ATF Form 4473) that he was not the actual buyer of the firearm listed on the form when, in fact, as Glazunov well knew he purchased the firearm for himself.

3. The firearm is further described as a Smith & Wesson, model M&P 15-22, .22 caliber rifle, bearing serial number DER6104.

All in violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

6. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described in paragraph 5. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the following facts beyond a reasonable doubt. The defendant admits that these facts are true and correct and establish his guilt beyond a reasonable doubt:

2

### PURCHASE OF SMITH & WESSON RIFLE

On February 14, 2018, Calvin Glazunov filled out Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Form 4473 in connection with his purchase of a Smith & Wesson rifle, Model M&P 15-22, bearing serial number DER6104, from Federal Firearms Licensee (FFL) Daane Ace Hardware located in Oostburg, Wisconsin. In answer to question 11(a) on form 4473, "Are you the actual transferee/buyer of the firearm listed on this form" Glazunov responded, "no." By failing to identify himself as the buyer of the firearm, Glazunov intended to deceive the FFL because as an alien and citizen of the Ukraine, and not of the United States, Glazunov was not allowed to either purchase or possess a firearm.

### SHEBOYGAN OPEN CARRY & VERIFICATION OF RIFLE SERIAL NUMBER

On April 21, 2018, Glazunov attended an open carry march where firearms were displayed and viewable to the public. During the march, Glazunov provided a uniformed Sheboygan Police Department (SPD) officer with his rifle to inspect. The officer obtained the make, model and serial number of the firearm (Smith & Wesson, Model M&P 15-22, .22 caliber rifle, camouflage finish, displaying S/N: DER6104). The officer observed live, .22 caliber ammunition inside the magazines for the rifle. Glazunov advised he loved the camouflage pattern of the rifle so he purchased it from Daane Hardware (Oostburg, Wisconsin) for approximately $550. The entire meeting between the officer and Glazunov was recorded by SPD body camera.

### INITIATION OF FACEBOOK CONVERSATION WITH ATF UNDERCOVER AGENT

On April 25, 2018, an ATF undercover (UC) Special Agent contacted Glazunov via Facebook messenger at Facebook Username "Calvin Glazunov," URL: https://www.facebook.com/kalvin.glazunov, Facebook User ID: 100008149452383. The UC inquired as to the make and model of the rifle Glazunov owned. Glazunov explained he possessed an "M&P 15-22 Krptek Hylander Camouflage" (AR-15 style rifle). The UC asked Glazunov if he owned any additional firearms. Glazunov responded he did not own any additional firearms, but advised he was focused on upgrading uniforms, vests and kevlar helmets. The UC requested to purchase the aforementioned AR-15 style rifle from Glazunov. Glazunov responded that he would sell the rifle to the UC for four hundred and fifty dollars ($450.00). Glazunov explained he needed to purchase a new firearm before he would sell his current one because he always preferred to be armed with a firearm. Glazunov sent the UC a photograph of the firearm for sale. The case agent's review of the firearm depicted revealed that it is an AR-15 style rifle with camouflage finish. Glazunov described this firearm as an "M&P15-22."

On May 2, 2018, Glazunov Facebook messaged the UC and asked, "So what's the plan?"

On May 4, 2018, Glazunov explained that he needed to know by the end of the day and could not wait any longer. Glazunov explained that otherwise he would sell his firearm to the

3

gun store in exchange for the new one. Glazunov later messaged the UC and explained he purchased his new "AR-15" but it was "delayed."

### REVIEW OF A-FILE BY HOMELAND SECURITY INVESTIGATIONS

Between May 3 and 4, 2018, Homeland Security Investigations (HSI) S.A. Nicholas Doktor reviewed Glazunov's Alien File, (A-File), and stated that Glazunov held "no status" as a United States citizen and is therefore prohibited from possessing a firearm. Special Agent Doktor's review further revealed that Glazunov is a citizen and national of the Ukraine.

### UNDERCOVER PURCHASE OF RIFLE

On May 7, 2018, the UC contacted Glazunov regarding the status of the rifle. Glazunov responded approximately six days later. Glazunov stated that they had previously communicated on Glazunov's secondary Facebook account; however, Glazunov would now contact the UC from his primary Facebook account. Subsequently, the UC received a Facebook Friend Request from Facebook Username "Calvin D. Glazunov," Facebook User ID Number: 100008712457374, URL: https://www.facebook.com/profile.php?id=100008712457374. Glazunov then communicated with the UC using this account after Glazunov provided a Facebook Friend Request, which the UC accepted.

On May 15, 2018, Glazunov asked via the above-referenced Facebook page if the UC wanted to purchase the rifle on that day. The UC and Glazunov agreed on a purchase price of $450 for the rifle. They agreed to meet at 5:00 p.m. on the street at 1315 N. 23rd Street, Sheboygan, Wisconsin, in front of the Sheboygan Police Department.

At approximately 5:13 p.m., the UC and Glazunov met at the above location. Glazunov arrived in a grey BMW automobile with R.R. in the passenger seat. The UC approached the trunk of the BMW where he met with Glazunov and R.R. Glazunov removed the Smith & Wesson, Model M&P 15-22, .22 caliber rifle, camouflage finish, displaying serial number DER6104 from the trunk of the vehicle. In exchange, the UC provided Glazunov with four hundred fifty dollars ($450.00) in pre-recorded government funds. After Glazunov received the money, Glazunov provided the Smith & Wesson rifle, Model: M&P 15-22, bearing serial number DER6104, three magazines for the rifle, an unknown amount of .22 caliber ammunition and a cardboard gun box to the UC. Glazunov completed a bill of sale for the rifle. Glazunov and the UC signed the documents, and R.R. signed as a witness. A copy of the document was provided to the UC and Glazunov took another copy of the document for his own records. During this encounter, Glazunov explained to the UC that he was not a United States citizen.

This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in this offense.

4

## PENALTIES

7. The parties understand and agree that the offense to which the defendant will enter a plea of guilty carries the following maximum term of imprisonment and fine: 10 years and a $250,000 fine. The count set forth in the information also carries a mandatory special assessment of $100 and at least three years of supervised release.

8. The defendant acknowledges, understands, and agrees that he has discussed the relevant statutes as well as the applicable sentencing guidelines with his attorney.

## DISMISSAL OF INDICTMENT

9. The government agrees to move to dismiss the indictment at the time of sentencing.

## ELEMENTS

10. The parties understand and agree that in order to sustain the charge of false statement to a licensed firearms dealer as set forth in the information, the government must prove each of the following propositions beyond a reasonable doubt:

> First, that the defendant made a false statement to a licensed firearms dealer;
> Second, that the false statement was made in the acquisition of a firearm; and
> Third, that the false statement was likely to deceive the firearms dealer as to the lawfulness of the sale of the firearm.

## SENTENCING PROVISIONS

11. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

5

12. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

13. The defendant acknowledges and agrees that his attorney has discussed the potentially applicable sentencing guidelines provisions with him to the defendant's satisfaction.

14. The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

## Sentencing Guidelines Calculations

15. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

## Relevant Conduct

16. The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offense to which the defendant is pleading guilty.

6

### Base Offense Level

17. The parties agree to recommend to the sentencing court that the applicable base offense level for the offense charged in the information is 20 under Sentencing Guidelines Manual § 2K2.1(a)(4)(B)(III).

### Acceptance of Responsibility

18. The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility. In addition, if the court determines at the time of sentencing that the defendant is entitled to the two-level reduction under § 3E1.1(a), the government agrees to make a motion recommending an additional one-level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b) because the defendant timely notified authorities of his intention to enter a plea of guilty.

### Sentencing Recommendations

19. Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

20. Both parties reserve the right to make any recommendation regarding any and all factors pertinent to the determination of the sentencing guideline range; the fine to be imposed; the amount of restitution and the terms and condition of its payment; the length of supervised release and the terms and conditions of the release; the defendant's custodial status pending the sentencing; and any other matters not specifically addressed by this agreement.

21. The government agrees to recommend a sentence within the applicable sentencing guideline range, as determined by the court.

### Court's Determinations at Sentencing

22. The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 7 above. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

23. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

### FINANCIAL MATTERS

24. The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable in full upon entry of the judgment of conviction. The defendant further understands that any payment schedule imposed by the sentencing court shall be the minimum the defendant is expected to pay and that the government's collection of any and all court imposed financial obligations is not limited to the payment schedule. The defendant agrees not to request any delay or stay in payment of any and all financial obligations. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the court specifically directs participation or imposes a schedule of payments.

25. The defendant agrees to provide to the Financial Litigation Unit (FLU) of the United States Attorney's Office, upon request of the FLU during any period of probation or

supervised release imposed by the court, a complete and sworn financial statement on a form provided by FLU and any documentation required by the form.

### Special Assessment

26. The defendant agrees to pay the special assessment in the amount of $100 prior to or at the time of sentencing.

### Forfeiture

27. The defendant agrees to the forfeiture of all the properties listed in the original indictment and to the immediate entry of a preliminary order of forfeiture. The defendant agrees that he has an interest in each of the listed properties and will not contest the criminal forfeiture of these properties.

### DEFENDANT'S WAIVER OF RIGHTS

28. In entering this agreement, the defendant acknowledges and understands that he surrenders any claims he may have raised in any pretrial motion; specifically, those set out at docket entry numbers 32 and 33 as well as certain rights which include the following:

   a. If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

   b. If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

   c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

9

d.  At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

e.  At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

29. The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

30. The defendant acknowledges and understands that he will be adjudicated guilty of the offense to which he will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

31. The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

32. Based on the government's concessions in this agreement, the defendant knowingly and voluntarily waives his right to appeal his sentence in this case and further waives his right to challenge his conviction or sentence in any post-conviction proceeding, including but not limited to a motion pursuant to 28 U.S.C. § 2255. As used in this paragraph, the term "sentence" means any term of imprisonment, term of supervised release, term of probation, supervised release condition, fine, forfeiture order, and restitution order. The defendant's waiver of appeal and post-conviction challenges includes the waiver of any claim that (1) the statute or Sentencing Guidelines under which the defendant is convicted or sentenced are unconstitutional, and (2) the conduct to which the defendant has admitted does not fall within the scope of the statute or Sentencing Guidelines. This waiver does not extend to an appeal or post-conviction motion based on (1) any punishment in excess of the statutory maximum, (2) the sentencing court's reliance on any constitutionally impermissible factor, such as race, religion, or sex, (3) ineffective assistance of counsel in connection with the negotiation of the plea agreement or sentencing, or (4) a claim that the plea agreement was entered involuntarily.

33. The defendant knowingly and voluntarily waives any claim or objection he may have based on speedy trial, due process or Second Amendment rights.

## Further Civil or Administrative Action

34. The defendant acknowledges, understands, and agrees that the defendant has discussed with his attorney and understands that nothing contained in this agreement, including any attachment, is meant to limit the rights and authority of the United States of America or any other state or local government to take further civil, administrative, or regulatory action against the defendant, including but not limited to any listing and debarment proceedings to restrict rights and opportunities of the defendant to contract with or receive assistance, loans, and benefits from United States government agencies.

11

Case 2:18-cr-00135-JPS   Filed 04/03/19   Page 11 of 14   Document 44

## MISCELLANEOUS MATTERS

35. The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, and the defendant understands that no one, including the defendant's attorney or the sentencing court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences, including the potential for automatic removal from the United States.

## GENERAL MATTERS

36. The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

37. The parties acknowledge, understand, and agree that this plea agreement will be filed and become part of the public record in this case.

38. The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

39. The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and regulations promulgated thereto by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed. The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

12

## EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

40. The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing. If the defendant and his attorney have signed a proffer letter in connection with this case, then the defendant further acknowledges and understands that he continues to be subject to the terms of the proffer letter.

## VOLUNTARINESS OF DEFENDANT'S PLEA

41. The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 3/29/19

CALVIN D. GLAZUNOV
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 3/29/19

GABRIELA LEIJA
Attorney for Defendant

For the United States of America:

Date: 4-3-2019

MATTHEW D. KRUEGER
United States Attorney

Date: 4/3/19

GAIL J. HOFFMAN
Assistant United States Attorney